*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


## MEMORANDUM OPINION

No. 04-09-00223-CV

## IN THE INTEREST OF A.C. and K.C.

From the 38th Judicial District Court, Uvalde County, Texas
Trial Court No. 08-04-26,377-CV
Honorable Cathy O. Morris, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
               Rebecca Simmons, Justice
               Marialyn Barnard, Justice

Delivered and Filed: December 30, 2009

AFFIRMED

This is an accelerated appeal concerning the trial court's termination of Appellant Jessica

S.'s parental rights.[1] We affirm.

### BACKGROUND

In terminating Jessica S.'s parental rights, the trial court found that (1) she failed to comply

with the provisions of a court order that specifically established the actions necessary for her to

obtain the return of her children who had been in the permanent or temporary managing

conservatorship of the Department for not less than nine months as a result of the children's removal

---

[1] To protect the privacy of the parties in this case, we identify the children by their initials and the parent by her first name only. *See* TEX. FAM. CODE ANN. § 109.002(d) (Vernon 2008).

from her for the abuse or neglect of the children, *see* TEX. FAM. CODE ANN. § 161.001(1)(O) (Vernon Supp. 2009); (2) she had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, *see id.* § 161.001(1)(E), and (3) termination of her parental rights was in the best interest of the children, *see id.* § 161.001(2).

Jessica S. then filed a statement of appellate points and a motion for new trial, arguing that there was legally and factually insufficient evidence to support termination under subsection (O) or to support the trial court's finding that termination was in the children's best interest. She did not, however, argue that there was legally and factually insufficient evidence to support termination under subsection (E). Instead, she argued that there was legally and factually insufficient evidence to support termination under subsection (D), a ground upon which her rights were not terminated. The trial court denied her motion for new trial and found her appellate points to be frivolous.

### DISCUSSION

On appeal, Jessica S. argues that section 263.405(i) is unconstitutional as applied because it prevents her from raising a meritorious complaint about the insufficiency of the evidence with regard to subsection (E). Section 263.405(i) prevents us from considering an appellate issue that was not specifically presented to the trial court in a timely filed statement of appellate points. TEX. FAM. CODE ANN. § 263.405(i) (Vernon 2008). Thus, because Jessica S.'s trial counsel argued in her statement of appellate points that there was legally and factually insufficient evidence of subsection (D) and not (E), Jessica S. argues on appeal that section 263.405(i) is unconstitutional and violates the separation of powers doctrine because it precludes her from arguing on appeal that there is legally and factually insufficient evidence to support the trial court's finding under subsection (E).

The Texas Supreme Court recently addressed this issue in *In re J.O.A.*, 283 S.W.3d 336, 339 (Tex. 2009), and held that section 263.405(i) is unconstitutional as applied when it precludes a parent from raising a *meritorious* complaint about the insufficiency of the evidence *supporting the termination order*. Here, Jessica S. has not been precluded from raising a *meritorious* complaint about the insufficiency of the evidence supporting the termination order.

The trial court's termination order found that Jessica S.'s parental rights should be terminated based on two predicate findings: subsections (O) and (E). Only one predicate finding under section 161.001(1) is necessary to support a judgment of termination. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). At the termination hearing, it was undisputed that Jessica S. did not comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of her children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of the children's removal from her for the abuse or neglect of the children. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (Vernon Supp. 2009). Thus, because one of the predicate findings was established by undisputed evidence, any appeal about the insufficiency of the evidence regarding subsection (E) would not be meritorious.

Jessica S. also argues that section 263.405(i) violates the separation of powers doctrine. The separation of powers doctrine prohibits one branch of government from exercising a power inherently belonging to another branch. *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 600 (Tex. 2001); *see* TEX. CONST. art. II, § 1 (dividing the powers of the Texas government between the executive, legislative, and judicial departments, and providing that "no person, or collection of persons, being one of these departments, shall exercise any power properly attached to either of the others"). "It is only when the functioning of the judicial process in a field

constitutionally committed to the control of the courts is interfered with by the executive or legislative branches that a constitutional problem arises." *Little-Tex*, 39 S.W.3d at 600. The Texas Constitution provides for legislative control over the establishment of procedural rules of court. *Meshell v. State*, 739 S.W.2d 246, 255 (Tex. Crim. App. 1987) (discussing TEX. CONST. art. V, § 25); *Tex. Dep't of Family & Protective Servs. v. Dickensheets*, 274 S.W.3d 150, 157 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (quoting *Meshell*). However, the legislature may not "infringe upon the *substantive* power" of the judicial branch "under the guise of establishing 'rules of court,' thus rendering the separation of powers doctrine meaningless." *Meshell*, 739 S.W.2d at 255 (emphasis added).

As noted, the Texas Supreme Court has held that section 263.405(i) is unconstitutional as applied if it prevents a parent from raising a meritorious complaint about the insufficiency of the evidence supporting the termination order. *In re J.O.A.*, 283 S.W.3d at 339. Here, Jessica S. is not prevented from bringing a *meritorious* complaint about the insufficiency of the evidence supporting the termination order, but is only prevented from bringing a claim that is not meritorious. That the legislature has prevented her from bringing a complaint that is not meritorious does not violate the separation of powers provision.

We affirm the trial court's order terminating Jessica S.'s parental rights.


Karen Angelini, Justice